## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | | |
|---|---|---|
| JEANETTE D. DAVID, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:24-cv-248–HEH |
| | ) | |
| VIRGINIA EMPLOYMENT | ) | |
| COMMISSIONER, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION
**(Granting Defendant's Motion to Dismiss and Denying Plaintiff's Motions)**

THIS MATTER is before the Court on Defendant Virginia Employment Commissioner Demetrios Melis' ("Defendant") Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) (ECF No. 7) and Plaintiff Jeanette D. David's ("Plaintiff") *pro se* Motion to Retain the Complaint (ECF No. 9), Motion to Amend the Complaint (ECF No. 13), and Motion for Demand of Bill of Particulars (ECF No. 16). The parties have submitted extensive memoranda in support of their respective arguments. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before it, and oral argument and briefing would not aid in the decisional process. *See* E.D. VA. LOC. CIV. R. 7(J). The Court will resolve the motions as follows.

# I. BACKGROUND

Plaintiff, a Richmond resident, alleges that the Virginia Employment Commission ("VEC") owes her outstanding unemployment benefits, primarily consisting of federal unemployment benefits instituted during the COVID-19 pandemic that were distributed by VEC. (Compl. at 6, ECF No. 1.)  She alleges that her benefits were "abruptly cut off" on October 14, 2020. (*Id.*)  Plaintiff asserts that she has never been told why her benefits stopped and she is entitled to a total of $22,262.00 in outstanding benefits. (*Id.* at 7). Plaintiff filed her Complaint *pro se* on April 5, 2024.  Defendant filed a Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) on May 13, 2024.  Then, on May 29, 2024, Plaintiff filed a Motion to Retain the Complaint.[1]  She then filed a Motion to Amend the Complaint on June 10, 2024, and a Motion for Demand of Bill of Particulars on July 8, 2024.

## II. LEGAL STANDARD

District courts must liberally construe a *pro se* litigant's complaint. *E.g.*, *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006).  However, courts need not attempt "to discern the unexpressed intent of the plaintiff." *Id.*  The Fourth Circuit has explained that "[t]hough [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).

---

[1] This Court construes Plaintiff's Motion to Retain the Complaint as a response in opposition to Defendant's Motion to Dismiss.

A Rule 12(b)(1) motion challenges the Court's jurisdiction over the subject matter of a complaint. Such a challenge can be facial, asserting that the facts as pled fail to establish jurisdiction, or factual, disputing the pleadings themselves and arguing that other facts demonstrate that no jurisdiction exists. *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017) (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)). For a facial challenge, "the plaintiff is 'afforded the same procedural protection as she would receive under a Rule 12(b)(6) consideration.'" *Id.* (quoting *Kerns*, 585 F.3d at 192).

This Court only has subject matter jurisdiction over a "case or controversy" when it either "aris[es] under the Constitution, laws, or treaties of the United States" or is a matter in which the amount in controversy exceeds $75,000 and the parties are diverse from one another. 28 U.S.C. §§ 1331–32. Subject matter jurisdiction is a key and necessary requirement for any case that is heard by this Court because it is a manifestation of the distribution of judicial powers between the federal and state court systems. Thus, subject matter jurisdiction cannot be waived, and a party may assert the lack of jurisdiction "at any time." Fed. R. Civ. P. 12(h)(3). Ultimately, "a federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

A Rule 12(b)(6) motion "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)) (internal quotations omitted). "A complaint need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Ray v. Roane*, 948 F.3d

222, 226 (4th Cir. 2020) (quoting *Tobey*, 706 F.3d at 387) (alteration in original).

However, a "complaint must provide 'sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face.'" *Turner v. Thomas*, 930 F.3d 640, 644 (4th

Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Allegations have

facial plausibility 'when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged.'" *Tobey*,

706 F.3d at 386 (quoting *Iqbal*, 556 U.S. at 678).

A court "need not accept legal conclusions couched as facts or unwarranted

inferences, unreasonable conclusions, or arguments." *Turner*, 930 F.3d at 644 (quoting

*Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)); *Iqbal*, 556 U.S. at

678. In considering such a motion, a plaintiff's well-pleaded allegations are taken as

true, and the complaint is viewed in the light most favorable to the plaintiff. *Nemet*

*Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009).

For a Rule 12(b)(6) motion, courts may consider documents that are either

"explicitly incorporated into the complaint by reference" or "those attached to the

complaint as exhibits." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir.

2016) (citations omitted). A court may consider a document not attached to the

complaint, when "the document [is] integral to the complaint and there is no dispute

about the document's authenticity." *Id.* "[I]n the event of conflict between the bare

allegations of the complaint and any exhibit attached . . ., the exhibit prevails." *Id.*

(quoting *Fayetteville Invs. v. Com. Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991))

(internal quotations omitted) (alteration in original).

In most cases, a party may not amend its pleading as a matter of course more than twenty-one (21) days after serving it. *See* Fed. R. Civ. P. 15(a)(1). If a party may not amend its pleading as a matter of course then "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, courts in the Fourth Circuit "liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Leave to amend should be denied, however, when an amendment "would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). "Leave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Id.* at 510.

### III. DEFENDANT'S MOTION TO DISMISS

Here, Defendant argues that this Court lacks subject matter jurisdiction because Plaintiff has not fully exhausted her administrative and state court remedies. (*See* Def.'s Mem. in Supp. at 10–14, ECF No. 8.) Defendant describes the multi-step appellate review process that the Virginia Code and the Virginia Administrative Code prescribe to VEC for the review of unemployment benefit claims.[2] (*See id.* at 11.) While Plaintiff filed an initial appeal on March 10, 2021, regarding VEC's denial of her regular

---

[2] The first appeal from a VEC decision is to the commission's Administrative Law Division's Office of First Level Appeals. 16 VAC 5-80-20. If a party wishes to appeal the first level decision, they may file a second level appeal to the commission's Administrative Law Division's Office of Commission Appeals. 16 VAC 5-80-30. After the commission appeal, a party may appeal to the state circuit court "of the county or city in which the individual who filed the claim was last employed." Va. Code § 60.2-625.

unemployment insurance benefits, she later withdrew that appeal on October 1, 2021.
(Def.'s Mem. in Supp., Ex. A ¶ 6, ECF No. 8-1.) Besides the withdrawn appeal, Plaintiff
has made no other use of VEC's required administrative appeal process.

After Plaintiff filed this lawsuit, Defendant reviewed her claims and discovered
Plaintiff was in fact entitled to additional benefits. (*Id.* ¶ 10.) On May 6, 2024, VEC
issued her a series of payments totaling $10,530.00. (*Id.*) After issuing those payments,
VEC determined that they had "fully adjudicated Ms. David's claims for unemployment
benefits and issued written decisions regarding her multiple claims for unemployment
benefits." (*Id.* ¶ 11.) Defendant argues that VEC's payment of overdue benefits and
determination that Plaintiff's case is closed renders her argument moot. (Def.'s Mem. in
Supp. at 6.) The Court, however, does not need to determine whether her claim is moot
because it lacks the requisite subject matter jurisdiction over this action.

This Court can exercise jurisdiction over a case where the requirements of either
diversity jurisdiction or federal question jurisdiction are satisfied. *See* 28 U.S.C. §§ 1331–
32. Here, the Complaint alleges that Plaintiff is entitled to $22,262 in damages and that
both parties are citizens of Virginia. Thus, no diversity jurisdiction exists. *See id.*
§ 1332(a) (requiring an amount in controversy over $75,000 and diverse parties). The
Complaint also alleges failures of a state entity in administering a state program. Routine
administration of Virginia's unemployment benefits entitles individuals to claims within
state court, not federal court.[3] *See Collins v. Hess*, No. 1:21-cv-750, 2021 WL 3163615,

---

[3] The disbursement of federal unemployment funds does not implicate federal jurisdiction. That
is because those federal benefits are deployed to individuals through *state* actors, such as VEC.

at *2 (E.D. Va. June 23, 2021) ("Only after the VEC's internal appellate process has been

exhausted is judicial review appropriate, at which point a plaintiff may file 'an action in

the circuit court of the county or city in which the individual who filed the claim was last

employed'—not in federal court." (quoting Va. Code Ann. § 60.2.625(A)). Here,

Plaintiff has not exhausted the administrative and state court remedies that are available

to her, which further precludes any Due Process claim under the Fourteenth Amendment.

*See Mora v. The City of Gaithersburg*, 519 F.3d 216, 230 (4th Cir. 2008) ("[Plaintiff]

cannot plausibly claim that Maryland's procedures are unfair when he has not tried to

avail himself of them."). Accordingly, no federal question jurisdiction exists, and this

Court lacks subject matter jurisdiction to adjudicate Plaintiff's claims. *See* 28 U.S.C.

§ 1331.

## IV. PLAINTIFF'S MOTION TO AMEND

Plaintiff seeks to amend her Complaint to include violations of federal law and

Due Process under the Fourteenth Amendment, as well as draw the Court's attention to a

class action suit that she believes entitles her to relief.[4] (Mot. to Am. at 3, ECF No. 13.)

Courts are directed to "liberally allow amendment," *Galustian*, 591 F.3d at 729; however,

amendments that would be futile should be denied, *Johnson*, 785 F.2d at 509. A futile

amendment is one that is "clearly insufficient or frivolous on its face." *See Johnson*, 785

---

[4] The suit referenced by Plaintiff involved the adjudication of unemployment benefits and focused on VEC's failure to timely provide benefits, often eliminating benefits without explanation. *See Cox v. Hess*, Case No. 3:21-cv-253–HEH. That case has since been resolved and, most importantly, does not entitle Plaintiff to relief because the VEC *has* adjudicated Plaintiff's claim and issued a final decision, which she was free to appeal—a decision she notably *did* initially appeal.

F.2d at 510.  Here, Plaintiff's proposed amendments are insufficient or frivolous.

Plaintiff outlines conclusory and vague violations of federal law, including the Social

Security Act and the Fourteenth Amendment, without providing any specific details

about *how* Defendant violated those laws or her due process rights.  Because Plaintiff

does not plead sufficient facts in her proposed amendments, the Court finds amendment

is futile.

### V. PLAINTIFF'S MOTION FOR DEMAND OF BILL OF PARTICULARS

Plaintiff has also filed a Motion for Demand of Bill of Particulars.  (Mot. for Bill

of Particulars at 1, ECF No. 16.)  In the Motion, Plaintiff seeks a more thorough

explanation from Defendant regarding "which weeks Defendant has allegedly paid

benefits to her."  (*Id.*)  A Motion for Demand of Bill of Particulars is improper in this

Court.  While Virginia continues to use the mechanism in state court proceedings, the bill

of particulars is no longer used by the federal court system.  *See Great Lakes Higher*

*Educ. Guar. Corp. v. Edfund, Inc.*, No. 99–C–0786–C, 2000 WL 34230091, at *5 (W.D.

Wis. July 31, 2000) (explaining that plaintiffs are meant to use other methods, such as

interrogatories, during the discovery process to get information from defendants).

Instead, federal courts permit motions for a more definite statement as described in

Federal Rule of Civil Procedure 12(e).  Yet if this Court were to construe Plaintiff's

Motion as a motion for a more definite statement, it would still not be proper.  A motion

for a more definite statement is meant to be used by a party who receives "a pleading to

which a responsive pleading is allowed but which is so vague or ambiguous that the party

cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  Here, Plaintiff is merely

seeking additional information from Defendant which would normally be obtained in discovery if a claim survived a motion to dismiss. Moreover, a motion to dismiss is not a pleading "to which a responsive pleading is allowed." *Id.*; *see Hucul v. Mathew-Burwell*, Case No. 16-cv-1244, 2016 WL 3917366, at *2 (S.D. Cal. July 20, 2016) ("Rule 12(e) . . . does not provide for a responsive pleading to a motion to dismiss. Therefore, as a responsive pleading to defendant's motion to dismiss is not permitted or required in the present case under Rule 12(e), the plaintiff is not entitled to a more definite statement with respect to that motion." (quoting *Kenney v. Fox*, 132 F. Supp. 305, 307 (W.D. Mich. 1955), *aff'd*, 232 F.2d 288 (6th Cir. 1956), *cert. denied*, 352 U.S. 855, 856)). Accordingly, the Court has no basis to grant Plaintiff's Motion.

## VI. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 7) will be granted. Plaintiff's Complaint (ECF No. 1) will be dismissed without prejudice for lack of subject matter jurisdiction pursuant to Rules 12(b)(1) and 12(h)(3). Plaintiff's Motion to Retain the Complaint (ECF No. 9), Motion to Amend (ECF No. 13), and Motion for Demand of Bill of Particulars (ECF No. 16) will likewise be denied. An appropriate Order will accompany this Memorandum Opinion.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel

of record and to Plaintiff, who appears *pro se*.

/s/

Henry E. Hudson
Senior United States District Judge

Date: February 25, 2025
Richmond, Virginia

10